IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MIKE TOMLINSON | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv151 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mike Tomlinson, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Under the circumstances presented in this petition, due process concerns are not implicated and prison officials were not required to afford petitioner due process at the disciplinary hearing. Further, as the Magistrate Judge found, because there is no right to counsel in prison disciplinary hearings, petitioner's claims that counsel was ineffective are without merit. *See Wainwright v.*

*Torna*, 455 U.S. 586, 587-88 (1982) (when no right to counsel exists, one cannot be deprived of the effective assistance of counsel); *Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir. 1976). Petitioner's claims do not contest the fact or duration of his confinement. Therefore, petitioner's claims do not serve as a basis for habeas corpus relief, but rather possibly can form the basis for a civil rights action. Thus, petitioner must pursue his claims by filing an appropriate civil rights action.

In this case, it would not further the interests of justice to automatically construe petitioner's claims as civil rights claims. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $400.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, the petition should be dismissed without prejudice to petitioner's ability to pursue such claims in a civil action.

If petitioner wishes to pursue his claims as a civil rights action he may notify the Court of his intention to do so and submit the $400.00 filing fee or a properly certified application to proceed *in forma pauperis* within thirty (30) days of this order and the Court will reinstate this action on the active docket as a civil rights action.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial

showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **26** day of **February, 2018.**

_____
Ron Clark, United States District Judge